IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robin Pack, individually, and as Parent and Natural Guardian of her minor children, E. P. and E. P., | ) ) ) ) |
| *Plaintiffs*, | ) Civil Action No.: _____ ) ) |
| v. | ) ) |
| FedEx Ground Package System, Inc., Bossert Logistics, Inc., and Nyshana Alan, | ) ) ) |
| *Defendants*. | ) ) |

**COMPLAINT AND JURY TRIAL DEMAND**

Plaintiffs, by and through undersigned counsel, complain of Defendants and allege as follows:

**PARTIES**

1. Plaintiff Robin Pack ("Ms. Pack") is a citizen and resident of Rutherfordton County, North Carolina. She brings this action in her individual capacity and as parent and natural guardian of her minor children, Plaintiffs Evan Pack and Emmaleigh Pack.

2. Plaintiff E. P. is a minor and a citizen and resident of Rutherfordton County, North Carolina, appearing by and through his mother and natural guardian, Plaintiff Ms. Pack.

3. Plaintiff E. P. is a minor and a citizen and resident of Rutherfordton County, North Carolina, appearing by and through her mother and natural guardian, Plaintiff Ms. Pack.

4. Defendant FedEx Ground Package System, Inc. ("FedEx Ground") is a corporation organized under the laws of the State of Delaware with its principal place of business in Coraopolis, Pennsylvania. FedEx Ground conducts business in South Carolina, including

Greenville County, by operating and contracting for package pick-up and delivery services using commercial motor vehicles on public roadways.

5. Defendant Bossert Logistics, Inc. ("Bossert") is a South Carolina corporation with its principal place of business and headquarters in Greenville, South Carolina. At all relevant times, Bossert contracted with FedEx Ground to provide local pick-up and delivery services in the Greenville/Greer area and operated commercial motor vehicles and drivers on public roads in South Carolina.

6. Defendant Nyshana Alan ("Alan") is a natural person and, upon information and belief, a citizen and resident of New York, New York. At all relevant times, Alan was employed by Bossert and was operating a commercial delivery vehicle in furtherance of Bossert's and FedEx Ground's business.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiffs (citizens of North Carolina) and Defendants FedEx Ground (Delaware/Pennsylvania) and Alan (New York).

8. Personal jurisdiction exists over each Defendant because the collision occurred in Greenville, South Carolina and Defendants purposefully directed activities to and conducted business within South Carolina. FedEx Ground and Bossert regularly conduct delivery operations in Greenville County; Alan operated the subject vehicle on South Carolina roads, giving rise to specific jurisdiction.

9. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claims occurred in Greer, Greenville County,

South Carolina.

## FACTUAL ALLEGATIONS

10. On August 13, 2025, at approximately 10:26am, Ms. Pack was lawfully operating her vehicle eastbound on South Carolina Highway 14 (SC-14) in Greer, Greenville County, South Carolina, and exercising due care. Minor Plaintiffs E.P. and E.P. were properly seated as occupants in Ms. Pack's vehicle.

11. At the same time and place, Defendant Alan, operating a commercial delivery vehicle in the service of Bossert and FedEx Ground, approached the stop sign on Jordan Road at its intersection with SC-14.

12. After stopping, Alan failed to yield the right of way to traffic traveling on SC-14 and pulled into the intersection and directly into the path of Ms. Pack's vehicle, causing a violent T-bone collision in the eastbound lanes of SC-14.

13. At all relevant times, Alan was an employee, agent, servant, and/or statutory employee of Bossert and was acting within the course and scope of employment and in furtherance of Bossert's business. Alan was operating under the FedEx Ground-branded local pick-up and delivery network, subject to FedEx Ground's policies, procedures, dispatch, route assignments, and performance requirements.

14. FedEx Ground selected, approved, and/or contracted with Bossert as a local delivery contractor for FedEx Ground's Greenville-area operations and exercised control or the right to control essential aspects of Bossert's delivery operations, including safety policies, branding, equipment specifications, technology/telematics, training requirements, route structure, productivity metrics, and driver qualification standards.

15. Bossert hired, qualified, trained, supervised, dispatched, and retained Alan to operate a commercial delivery vehicle on public roadways in South Carolina. Upon information and belief, Bossert knew or should have known of deficiencies in Alan's driving history, training, hazard recognition, or compliance with applicable traffic and safety laws, and failed to implement adequate hiring, training, supervision, monitoring, and corrective action.

16. As a direct and proximate result of Defendants' acts and omissions, Plaintiffs sustained serious, permanent and painful bodily injuries and damages, including past and future medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, and other damages recognized under South Carolina law. Ms. Pack has also sustained lost wages and/or loss of earning capacity and other special damages. The minor Plaintiffs have sustained medical expenses (recoverable by and through their parent/guardian), pain and suffering, mental anguish, and loss of enjoyment of life.

17. Upon information and belief, Defendants possessed, created, or controlled evidence relevant to this collision, including but not limited to dashcam or onboard video, electronic control module (ECM) data, telematics/GPS, dispatch and route data, driver logs and time records, driver qualification and training files, incident reports, maintenance and inspection records, and communications related to the collision.

## CAUSES OF ACTION

### COUNT I – Negligence Against Defendant Nyshana Alan (Direct Liability)

18. Plaintiffs reallege and incorporate the preceding paragraphs.

19. Alan owed a duty to operate the vehicle with reasonable care, to keep a proper lookout, to obey traffic control devices and right-of-way laws, to yield to through traffic on SC-14, and to maintain proper speed and control.

20. Alan breached these duties by, inter alia:

   a. Failing to yield the right of way after stopping at the Jordan Road stop sign;

   b. Entering the intersection when it was unsafe to do so;

   c. Failing to keep a proper lookout and to see what was there to be seen;

   d. Failing to maintain proper control and speed; and

   e. Otherwise operating the vehicle in a negligent manner.

21. Alan's negligence was the direct and proximate cause of Plaintiffs' injuries and damages.

### COUNT II – Negligence Per Se Against Defendant Nyshana Alan

22. Plaintiffs reallege and incorporate the preceding paragraphs.

23. Alan violated South Carolina traffic statutes and regulations intended to protect the motoring public, including but not limited to:

   a. S.C. Code Ann. § 56-5-2330 (stop signs; duty to stop and yield);

   b. S.C. Code Ann. § 56-5-2310 (duty to yield when entering a through highway);

   c. S.C. Code Ann. § 56-5-1520 (duty regarding speed and control);

   d. Any other applicable provisions of the South Carolina Uniform Act Regulating Traffic on Highways.

24. Plaintiffs are members of the class intended to be protected by these statutes, and the collision is the type of harm they were designed to prevent. Alan's violations constitute negligence per se and proximately caused Plaintiffs' injuries and damages.

### COUNT III – Reckless, Willful, and Wanton Conduct Against Defendant Nyshana Alan

25. Plaintiffs reallege and incorporate the preceding paragraphs.

26. Alan acted with reckless, willful, and wanton disregard for the safety of others by consciously entering an intersection without yielding to Ms. Pack's right-of-way when the danger was known or should have been known.

27. Plaintiffs are entitled to punitive damages based on Alan's violation of the South Carolina Uniform Act Regulating Traffic on Highways.

28. Plaintiffs are entitled to punitive damages based on Alan's reckless, willful and wanton conduct.

### COUNT IV – Vicarious Liability Against Bossert Logistics, Inc.
### (For the Acts and Omissions of Defendant Alan)

29. Plaintiffs reallege and incorporate the preceding paragraphs.

30. At all relevant times, Alan was acting as Bossert's employee, agent, servant, and/or statutory employee, within the course and scope of employment and for Bossert's benefit.

31. Bossert is vicariously liable for Alan's negligence, negligence per se, and reckless, willful, and wanton conduct under *respondeat superior*, agency, and/or statutory employment doctrines.

### COUNT V – Negligent Hiring, Training, Supervision, Entrustment, and
### Retention Against Bossert Logistics, Inc. (Direct Liability)

32. Plaintiffs reallege and incorporate the preceding paragraphs.

33. Bossert owed duties to exercise reasonable care in hiring, qualifying, training, supervising, monitoring, entrusting vehicles to, and retaining commercial drivers, including

ensuring compliance with applicable federal and state safety regulations, industry standards, and internal policies.

34. Bossert breached these duties by, inter alia:

1. Hiring or retaining Alan despite being unqualified, unsafe, or otherwise unfit to safely operate a commercial vehicle;

2. Failing to conduct adequate background checks, motor vehicle record inquiries, prior employment verification, and safety history reviews;

3. Failing to provide adequate initial and recurrent training on safe operation, intersection hazard recognition, right-of-way rules, speed and control, and defensive driving;

4. Failing to supervise, monitor, and evaluate Alan's performance, including use of telematics, route audits, and corrective coaching;

5. Entrusting a commercial vehicle to Alan when Bossert knew or should have known Alan posed an unreasonable risk to the motoring public;

6. Retaining Alan despite knowledge or constructive knowledge of unsafe driving practices, violations, incidents, or other red flags; and

7. Establishing or permitting dispatching, productivity, or routing practices that created undue time pressure or encouraged unsafe operation.

35. Bossert knew or, in the exercise of reasonable care, should have known that its hiring, training, supervision, entrustment, and retention practices created an unreasonable risk of harm to Plaintiffs and the public.

36. Bossert's breaches were a direct and proximate cause of the collision and Plaintiffs' injuries and damages. Bossert's conduct was reckless, willful, and wanton, warranting

punitive damages.

### COUNT VI – Vicarious Liability Against FedEx Ground Package System, Inc. (For the Acts and Omissions of Bossert and/or Alan)

37. Plaintiffs reallege and incorporate the preceding paragraphs.

38. FedEx Ground selected, approved, and contracted with Bossert to perform local pick-up and delivery services for FedEx Ground. Upon information and belief, FedEx Ground exercised or retained the right to control essential aspects of Bossert's operations and driver performance, including safety policies, branding and appearance, equipment specifications, technology mandates, training requirements, route structure, dispatch, and productivity standards.

39. FedEx Ground exercised control sufficient to create an agency, joint venture, or statutory employment relationship with Bossert and/or Alan, thus, FedEx Ground is vicariously liable for the negligent, negligent-per-se, and reckless acts of Bossert and/or Alan under *respondeat superior*, agency, joint enterprise, and/or nondelegable duty doctrines.

### COUNT VII – Negligent Selection, Retention, Control, and Undertaking Against FedEx Ground Package System, Inc. (Direct Liability)

40. Plaintiffs reallege and incorporate the preceding paragraphs.

41. FedEx Ground owed duties to the motoring public, including Plaintiffs, to use reasonable care in selecting and retaining competent and safe local delivery contractors; to establish and enforce reasonable safety requirements; and, having undertaken to provide safety policies, training requirements, technology, or monitoring for contractors and their drivers, to do so with reasonable care and not increase risk to the public.

Page **8** of **12**

42. FedEx Ground breached these duties by, *inter alia*:

   1. Negligently selecting and/or retaining Bossert as a local delivery contractor despite knowledge or constructive knowledge of deficiencies in Bossert's safety performance, hiring and training practices, or driver supervision;

   2. Failing to require and enforce adequate driver qualification, training, and supervision standards for Bossert's drivers, including Alan;

   3. Exercising control over routes, dispatch, performance metrics, schedules, and productivity that foreseeably increased crash risk at intersections and pressured drivers to proceed unsafely;

   4. Failing to implement or enforce reasonable safety monitoring and corrective action based on telematics, incident data, complaints, or prior collisions involving Bossert and/or Alan;

   5. Failing to ensure compliance with applicable state traffic laws and industry safety standards; and

   6. Undertaking to provide or mandate safety programs, technology, or policies for contractors and performing that undertaking negligently, increasing risk to the public.

43. FedEx Ground's breaches were a direct and proximate cause of the collision and Plaintiffs' injuries and damages. Its conduct was reckless, willful, and wanton, warranting punitive damages.

**COUNT VIII – Negligence Per Se and Statutory/Regulatory Violations Against Bossert and FedEx Ground (Direct and Vicarious)**

44. Plaintiffs reallege and incorporate the preceding paragraphs.

45. Defendants were subject to South Carolina traffic statutes and, to the extent applicable, safety-related statutes and regulations intended to protect the motoring public. Alan's violations of S.C. Code Ann. §§ 56-5-2330, 56-5-2310, and 56-5-1520 constitute negligence *per se*, for which Bossert is vicariously liable.

46. Because FedEx Ground is Bossert's employer, principal, joint venturer, or statutory employer, it is likewise vicariously liable.

**COUNT IX – Recklessness, Willfulness, and Wantonness Against Bossert and FedEx Ground (Direct and Vicarious)**

47. Plaintiffs reallege and incorporate the preceding paragraphs.

48. The conduct of Alan, Bossert, and FedEx Ground, as described herein, including knowingly placing an unfit or inadequately supervised driver into a high-speed traffic environment and pressuring productivity over safety, constitutes reckless, willful, and wanton disregard for the rights and safety of Plaintiffs and the public, warranting punitive damages.

**DAMAGES**

49. As a direct and proximate result of Defendants' acts and omissions, Plaintiffs suffered damages recoverable under South Carolina law, including:

1. Past and future medical expenses;
2. Past and future pain and suffering;
3. Mental anguish and emotional distress;

4. Loss of enjoyment of life and impairment;

5. Permanent injury and disability;

6. Lost wages and loss of earning capacity for Ms. Pack;

7. Household services and other out-of-pocket expenses;

8. Pre- and post-judgment interest as allowed by law; and

9. Punitive damages for reckless, willful, and wanton conduct.

## PRESERVATION AND SPOLIATION

50. Plaintiffs place all Defendants on notice to preserve all potentially relevant evidence, including but not limited to vehicle data, dashcam/onboard video, driver logs and time records, dispatch and routing data, telematics/GPS, maintenance and inspection records, driver qualification and training files, safety policies, performance data, incident/accident reports, and any communications concerning the subject collision.

## DEMAND FOR JURY TRIAL

51. Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment, jointly and severally as permitted by law, in their favor and against Defendants FedEx Ground Package System, Inc., Bossert Logistics, Inc., and Nyshana Alan, awarding:

A. Actual damages in an amount to be determined by the jury, including past and future medical expenses, pain and suffering, mental anguish, loss of enjoyment of life,

permanent injury, lost wages, loss of earning capacity, household services, and other special damages according to proof;

B. Punitive damages in an amount sufficient to punish Defendants and deter others from similar conduct;

C. Pre-judgment and post-judgment interest as allowed by law;

D. Costs of this action; and

E. Such other and further relief as the Court deems just and proper.

                         **MORGAN & MORGAN P.A.**

                         /s/ *James G. Biggart II*
                         JAMES G. BIGGART II, ESQ.
                         SC Bar No.: 106477
                         M. COOPER KLAASMEYER, ESQ.
                         SC Bar No.: 105795
                         4401 Belle Oaks Drive, Suite 300
                         North Charleston, SC 29405
                         Telephone: (843) 973-5186
                         Fax:    (843) 947-6113
                         jbiggart@forthepeople.com
                         cooper.klaasmeyer@forthepeople.com
                         biggartlitigation@forthepeople.com
                         **Attorneys for the Plaintiffs**

November 25, 2025
Charleston, South Carolina