IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Robin Pack, individually, and as Parent and Natural Guardian of her minor children, P.P. and E.P, | ) ) ) | Civil Action No.: 6:25-cv-13665-BHH |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NYSHANA ALAN'S ANSWER |
| Fedex Ground Package System, Inc., Bossert Logistics, and Nyshana Alan, | ) ) ) | |
| Defendants. | ) | |

**COMES NOW,** Defendant, Nyshana Alan (hereinafter "Defendant"), by and through the undersigned attorneys, answering the Complaint of the Plaintiff, would allege and show unto the Court:

### FOR A FIRST DEFENSE

1.  Defendant lacks sufficient knowledge and information to form a belief as to the allegations of Paragraph 1 through 5 and therefore, must deny the same.

2.  Responding to Paragraph 6, Defendant denies that she is a citizen and resident of New York. Defendant admits that at the time of the subject accident, she was operating her vehicle within the course and scope of her employment with Defendant Bossert Logistics, Inc. ("Bossert Logistics"). All remaining allegations contained in Paragraph 6 are denied.

3.  Paragraphs 7 through 9 are legal conclusions to which no response is required. To the extent a response is required, Paragraph 7 through 9 are denied.

4.  Responding to Paragraph 10, Defendant admits that Plaintiff was operating a

vehicle eastbound on SC Highway 14 on August 13, 2025. Defendant lacks sufficient knowledge and information to form a belief as to the remaining allegations of Paragraph 10.

5.      Responding to Paragraph 11, Defendant admits that Defendant was operating a motor vehicle on Jordan Road at the intersection in the course and scope of her employment for Bossert Logistics, an independent service provider to Federal Express Corporation pursuant to a service provider agreement. Responding further, and for purpose of this litigation only, Defendant also states that pursuant to the terms of the service provider agreement between Federal Express Corporation and Bossert Logistics, she was acting as an agent of Federal Express Corporation at the time of the underlying incident.

6.      Responding to Paragraph 12, Defendant admits that she pulled into the intersection and that her vehicle collided with a vehicle in SC-14. All remaining allegations contained in Paragraph 12 are denied.

7.      Responding to Paragraph 13, Defendant admits at the time of the accident, she was in the course and scope of her employment for Bossert Logistics, an independent service provider to Federal Express Corporation pursuant to a service provider agreement. Responding further, and for purpose of this litigation only, Defendant also states that pursuant to the terms of the service provider agreement between Federal Express Corporation and Bossert Logistics, she was acting as an agent of Federal Express Corporation at the time of the underlying incident. Any remaining allegations in Paragraph 13 are denied.

8.      Lacks sufficient knowledge and information to provide a response to Paragraph 14, and, therefore, denies the same.

9.      Responding to Paragraph 15, Defendant states that Defendant Bossert Logistics hired, qualified, trained, supervised, and dispatched Defendant. Defendant denies the remaining

allegations contained in Paragraph 15.

10. Paragraphs 16 through 17 are denied.

11. Responding to Paragraph 18, Defendant realleges each preceding paragraph as if repeated herein verbatim.

12. Paragraph 19 is a legal conclusion to which no response is required. To the extent a response is required, Paragraph 19 is denied to the extent it is inconsistent with South Carolina law.

13. Paragraphs 20 through 21 are denied.

14. Responding to Paragraph 22, Defendant realleges each preceding paragraph as if repeated herein verbatim.

15. Paragraphs 23 through 24 are denied.

16. Responding to Paragraph 25, Defendant realleges each preceding paragraph as if repeated herein verbatim.

17. Paragraphs 26 through 28 are denied.

18. Responding to Paragraph 29, Defendant realleges each preceding paragraph as if repeated herein verbatim.

19. Paragraph 30 is admitted.

20. Paragraph 31 is a legal conclusion to which no response is required. To the extent a response is required, Paragraph 31 is denied to the extent it alleges Defendant was negligent per se, reckless, willful, wanton. Any remaining allegations are denied to the extent they are inconsistent with South Carolina law.

21. Responding to Paragraph 32, Defendant realleges each preceding paragraph as if repeated herein verbatim.

22. Paragraph 33 is a legal conclusion to which no response is required. To the extent a response is required, Paragraph 33 is denied to the extent it is inconsistent with South Carolina law.

23. Paragraphs 34 through 36 are denied.

24. Responding to Paragraph 37, Defendant realleges each preceding paragraph as if repeated herein verbatim.

25. Lacks sufficient knowledge and information to form a belief as to Paragraph 38, and, therefore, denies the same.

26. Responding to Paragraph 39, Defendant states that pursuant to the terms of the service provider agreement between Federal Express Corporation and Bossert Logistics, she was acting as an agent of Federal Express Corporation at the time of the underlying incident. Any remaining allegations in Paragraph 39 are denied.

27. Responding to Paragraph 40, Defendant realleges each preceding paragraph as if repeated herein verbatim.

28. Paragraph 41 is a legal conclusion to which no response is required. To the extent a response is required, Paragraph 41 is denied.

29. Paragraphs 42 and 43 are denied.

30. Responding to Paragraph 44, Defendant realleges each preceding paragraph as if repeated herein verbatim.

31. Paragraph 45 is denied.

32. Responding to Paragraph 46, Defendant admits at the time of the accident, she was in the course and scope of her employment for Bossert Logistics, an independent service provider to Federal Express Corporation pursuant to a service provider agreement. Responding further, and

for purpose of this litigation only, Defendant also states that pursuant to the terms of the service provider agreement between Federal Express Corporation and Bossert Logistics, she was acting as an agent of Federal Express Corporation at the time of the underlying incident. Any remaining allegations in Paragraph 46 are denied.

33. Responding to Paragraph 47, Defendant realleges each preceding paragraph as if repeated herein verbatim.

34. Paragraph 48 is denied.

35. Paragraph 49 is denied.

36. Paragraph 50 is denied.

37. Paragraph 51 is denied.

38. The unnumbered paragraph beginning with WHEREFORE is denied.

## FOR A SECOND DEFENSE
### (Failure to State Claim)

39. The Defendant would show that the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and, therefore should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Punitive Damages)

40. The Defendant alleges that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

41. The Defendant alleges that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

42. The Defendant alleges that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of this Defendant.

43. The Defendant alleges that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

44. Defendant would show, upon information and belief, that the Plaintiff's claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendants could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendant can be compelled to give testimony against himself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates Defendant's right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills these Defendants' exercise of that right; the Plaintiff's claim for punitive damages

violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

45. Defendant pleads all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, *et seq.*, as amended

### FOR A FOURTH DEFENSE
### (Improper Service)

46. Defendant has not been served with the Summons and Complaint in this matter.

### FOR A FIFTH DEFENSE
### (Statute of Limitations)

47. Plaintiff's claims are barred by the statute of limitations.

**WHEREFORE**, having fully answered, the Defendant prays that the Plaintiff's Complaint be dismissed with costs, for attorney's fees and such other and further relief this Court deems just and proper.

The Defendant demands a jury trial.

*(Signature Page Following)*

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Richard E. McLawhorn, Jr.
Mark S. Barrow Fed ID No.: 1220
Richard E. McLawhorn, Jr. Fed ID No.: 11441
Jake M. Tillery Fed ID No.: 14371
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233
(803) 256-9178
msb@swblaw.com
rem@swblaw.com
jmt@swblaw.com
**ATTORNEYS FOR DEFENDANTS**

Columbia, South Carolina
December 15, 2026