**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**GREENVILLE DIVISION**

| | | |
|---|---|---|
| **Robin Pack, individually, and as Parent and Natural Guardian of her minor children, P.P. and E.P,** | ) ) ) ) | **Civil Action No.: 6:25-cv-13665-SAC** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | **JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** |
| **Fedex Ground Package System, Inc., Bossert Logistics, and Nyshana Alan,** | ) ) ) | |
| **Defendants.** | ) | |

The parties, by and through their undersigned counsel, hereby submit the following Rule 26(f) report and answers pursuant to Local Rule 26.03 of the United States District Court for the District of South Carolina:

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

☐ We agree that the schedule set forth in the Conference and Scheduling Order filed is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

☒ We agree that the schedule set forth in the Conference and Scheduling Order filed requires modification as set forth in the proposed Consent Amended Scheduling Order which will be e-mailed to chambers as required (use format of the Court's standard scheduling order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 is below.**

☐ We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted,**

**and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

### RULE 26(f)(3), FRCP Discovery Plan

**A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made?**

RESPONSE: The parties agree to make these disclosures withing 14 days.

**B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

RESPONSE:  The parties expect discovery on the topics of transportation liability, duty, breach of duty, proximate causation, other individuals and entities involved in the circumstances of this litigation, and injuries of the Plaintiffs and their damages.

**C. Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

RESPONSE:  None known at this time.

**D. Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.**

RESPONSE: The parties reserve the right to exert claims of privilege or trial-preparation as discovery requests are made and responded to. The parties also consent to the Court's form confidentiality order in the event it is needed for the disclosure of certain information.

**E. What changes should be made on the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

RESPONSE: A proposed scheduling order is being provided to the Court.

**F. Any other orders that should be entered by the Court under Rule 26(c) or under Rule 16(b) or (c).**

RESPONSE:  None at this time.

## LOCAL CIV. RULE 26.03 (D.S.C.) DISCLOSURES

**1. Short statement of the facts of this case.**

This case arises out of a motor vehicle collision near Greer, South Carolina on August 13, 2025, between a vehicle driven by Nyshana Allen and a vehicle driven by Robin Pack. At the time of the underlying incident, Defendant Allen was delivering packages as an employee of Bossert Logistics, Inc., an independent service provider to Federal Express Corporation f/k/a as FedEx Ground Package System, Inc. At the time of the underlying incident, minors P.P. and E.P. were riding as passengers in the vehicle driven by Robin Pack.

**2. Names of fact witnesses likely to be called and a brief summary of their expected testimony.**

The Parties anticipate the following witnesses will testify at the trial of this matter:

Robin Pack, c/o Morgan & Morgan, P.A. Robin is a Plaintiff in the above-referenced matter. It is anticipated that she will testify as to her knowledge and remembrance of the facts and circumstances at issue in Plaintiff's Complaint.

P.P., c/o Morgan & Morgan, P.A. P.P. is a Plaintiff in the above-referenced matter. It is anticipated that he/she will testify as to his/her knowledge and remembrance of the facts and circumstances at issue in Plaintiff's Complaint.

E.P., c/o Morgan & Morgan, P.A. E.P. is a Plaintiff in the above-referenced matter. It is anticipated that he/she will testify as to his/her knowledge and remembrance of the facts and circumstances at issue in Plaintiff's Complaint.

Nyshana Allen, c/o Sweeny Wingate & Barrow, P.A. Christien is a Defendant in the above referenced matter. It is anticipated that he will testify as to his knowledge and remembrance of the facts and circumstances at issue in Plaintiff's Complaint – specifically, the underlying motor vehicle accident.

Trooper W. Hardy-Barry, c/o South Carolina Department of Public Safety. Trooper Hardy-Barry is one of the investigating officers who responded to the scene of the accident. It is anticipated that he/she will testify as to the circumstances and findings of that investigation.

Any other first responders / investigators who are responded to the scene of the accident to provide emergency medical care and/or investigate the facts and circumstances of the underlying motor vehicle accident.

Any and all medical providers who provided or are still providing medical treatment to Plaintiffs' as a result of the underlying incident.

Additionally, as discovery is in its early stages, the Defendant specifically reserves the right to name additional witnesses identified during discovery in this matter and to call any witness at trial listed by any party to this action.

**3. The names and subject matter of expert witnesses.**

The parties have not yet determined what expert(s) may be needed for trial in this matter and will provide this information, once known, in accordance with the Conference and Scheduling Order. The parties reserve the right to name witnesses discovered during discovery and to call at the trial of this case any witness, whether fact or expert, listed by any party. The parties anticipate that the subject matter of these experts will be in the areas of accident reconstruction and biomechanics, relevant medical fields, and/or damages.

**4. A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**PLAINTIFFS' RESPONSES:**

Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc.*
*v. Richland Cnty.,* 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).

Vicarious Liability/Respondeat Superior: "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

As discovery is ongoing, plaintiff reserves the right to supplement for any additional claims which may result.

**DEFENDANTS' RESPONSES:**

Failure to State a Claim: A complaint filed in federal court "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662,678 (2009).

Comparative Negligence: "In Nelson, this Court stated that, under comparative negligence 'a plaintiff in a negligence action may recover damages if his or her negligence is not greater than that of the defendant.'" Berberich v. Jack, 392 S.C. 278, 286, 709 S.E.2d 607, 611 (2011) (citations omitted)

Intervening and Superseding Negligence: "To exculpate a negligent defendant, the intervening cause must be one which breaks the sequence or causal connection between the defendant's negligence and the injury alleged." Matthews v. Porter, 239 S.C. 620, 628, 124 S.E.2d 321, 325 (1962)

Assumption of Risk: "The trial court may declare the plaintiff assumed the risk as a matter of law where it clearly appears that the plaintiff freely and voluntarily exposed himself to a known danger and understood and appreciated the danger." Humphrey v. Day & Zimmerman Int'l, Inc., 997 F. Supp. 2d 388, 397 (D.S.C. 2014) (citations omitted).

Sudden Emergency: "An 'emergency' is a sudden or unexpected happening or occasion calling for immediate action. All the authority agree that the presence of danger must be imminent, leaving no time for deliberation." *Horton Motor Lines v. Currie*, 92 F.2d 164 (4th Cir. 1937).

Unavoidable Accident: "An unavoidable accident defense simply attacks the causation element of negligence, asserting that the element is completely lacking." *Wood v. Fanslau*, 2018 WL 5617943, *6 (October 29, 2018); "A defendant cannot be held liable for what is called a mere accident or unavoidable accident, which may be defined as an occurrence not proximately…caused by…any negligence or willfulness on the part of any person." *Collins v. Thomas,* 135 S.E.2d 754, 754 (S.C. 1964).

As discovery is ongoing, Defendants reserve the right to supplement for any additional claims which may result.

5. **Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.)**

A proposed scheduling order is being provided to the Court.

6. **Any special circumstances that would affect the time frames applies in preparing the scheduling order.**

No special circumstances.

The parties do not consent to litigate this case in front of a federal magistrate court judge.

**7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civ Rule 16.01) or otherwise requested by the assigned judge.**

None.

Respectfully submitted,

s/ Richard E. McLawhorn, Jr.
Mark S. Barrow, Fed. I.D. 1220
Richard E. McLawhorn, Jr. Fed. I.D. 11441
Jake M. Tillery, Fed. I.D. 14371
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233
*Attorneys for Defendants*

s/Cooper Klaasmeyer
James Biggart, Fed. I.D. 14195
Cooper Klaasmeyer, Fed. I.D. 14272
Morgan and Morgan, P.A.
4401 Belle Oaks Drive, 3rd Floor
North Charleston, SC 29405
(843) 973-5438
Cooper.klaasmeyer@forthepeople.com
*Attorney for Plaintiffs*